Landon, P. J.
The judgment in favor of the plaintiff recovered upon the former trial, was reversed for reasons stated in 6 N. Y. State Rep., 299. We there held that the deed given by the sheriff in 1818 to Abraham Hasbrouck was not valid as an ancient deed, for the reason that there was no extrinsic evidence of matters in pais to indicate that it ever supported any act of possession of the premises. In other words, that the deed stood alone, and nothing was shown to have followed from its existence.
We held that the recital in the deed that an execution had issued to the sheriff upon the judgment against Philip Smedes was not shown to be true, and as against Smedes could not be presumed to be true, in the absence of all evidence that any right to the land in Abraham Hasbrouck or the plaintiff had ever been acknowledged by Smedes or enforced by the Hasbroucks under the deed. We also held that in the absence of evidence that the Smedes held the premises in subordination to the Hasbropck title, the statute of limitation was a bar to the plaintiff’s claim; and this was true, even if the deed should be presumed to have been valid, and Peter Smedes, in 1818, became a tenant at will of Abraham Hasbrouck.
The case now differs from the case as then presented, by addition of the testimony of one Kraft. He testified that in 1879 he was the collector of taxes, that he then called upon Maria Smedes with his tax warrant which contained a tax against her as the owner of the premises in question. Maria Smedes was the daughter and only heir of Philip Smedes,' the original owner of the premises, against whom was the judgment, and whose title, the sheriff’s deed recites was sold to Abraham Hasbrouck in 1818. She was in possession of the premises, and had been since the death *356 of her parents. The defendant derives title through Maria Smedes. The collector found her in the house on the premises and demanded payment of the tax. She replied to him: “I don’t own this property, it belongs to Jansen Hasbrouck.”
Now if it was true that she did not own the property, and that it did not belong to Jansen Hasbrouck, then the presumption of fact is strong that the ancient deed was genuine, that the recital in the deed of the sale of Philip Smedes’ title under the execution was true, and that the possession of Philip Smedes and Maria Smedes, after 1818,. was in subordination to the title of Abraham Hasbrouck,, and afterwards of the plaintiff. Giving effect to this presumption, the Hasbrouck’s had title, and the long possession of the Smedes was not adverse, and the plaintiff would prevail!
The testimony of the collector was entirely competent. Of course much can be said with respect to the weight that ought to be accorded to a declaration of a poor, ignorant old woman, who probably was destitute of the means to pay the taxes, and who may have resorted to this expedient to gain time. On the other hand, there was the ancient deed, possibly known and acknowledged by Philip Smedes,, and who in consideration of services rendered, and from motives of humanity may have been permitted to continue to occupy the premises. The declaration of Maria Smedes, would harmonize with such a situation. It was a question of fact for the jury, and the jury have drawn the inference in favor of the plaintiff.
We think the judgments must be affirmed, with costs.
With respect to the form of the verdict, it was in favor of the plaintiff for the premises described in the complaint, it could not be for more without an amendment of the complaint, which was not asked. ■ We, assume that the motion to set aside the verdict was denied because the description used in the verdict is substantially the same as that in the complaint. The order of the special term having been separately appealed from should be affirmed with ten dollars costs.
Fish, J., concurs; Parker, J., not sitting.